United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Decided May 19, 2000

No. 99-1342

Wisconsin Electric Power Company,
Petitioner

v.

United States Department of Energy, et al.,
Respondents

On Petition for Review of an Action of the
Department of Energy and for a Writ of Mandamus

Martin P. Willard was on the briefs for petitioner.

Jerry Stouck and Robert L. Shapiro were on the brief for amicus curiae.

Lois J. Schiffer, Assistant Attorney General, U.S. Department of Justice, John T. Stahr, and John A. Bryson, attorneys, and Marc Johnston, attorney, Department of Energy, were on the brief for respondents.

Before:  Williams, Ginsburg, and Sentelle, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:  Wisconsin Electric petitions for review and for a writ of mandamus, seeking:  (1) a declaration that the Department of Energy must provide both monetary and non-monetary relief for having failed to begin disposing of Wisconsin Electric's spent nuclear fuel (SNF) on January 31, 1998, as required by the parties' Contract;  and (2) an order directing the DOE to comply with this court's mandates in Northern States Power Co. v. DOE, 128 F.3d 754 (D.C. Cir. 1997) (Northern I), and Northern States Power Co. v. DOE, Nos. 97-1064 et al., 1998 U.S. App. LEXIS 12919 (D.C. Cir. May 5, 1998) (Northern II).  The DOE filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction.

Wisconsin Electric claims this court has jurisdiction to entertain its petition pursuant either to our continuing jurisdiction to enforce our mandates in Northern I and II, see Northern I, 128 F.3d at 761 ("We retain jurisdiction over this case pending compliance with the mandate issued herewith"); Northern II, 1998 U.S. App. LEXIS 12919, at *3-4 ("[P]ossibly the award of some forms of equitable adjustment would place the DOE in violation of the NWPA and again properly trigger our jurisdiction"), or to the Nuclear Waste Policy Act of 1982, s 42 U.S.C. 10139(a)(1).

## I. Background

In Indiana Michigan Power Co. v. DOE, 88 F.3d 1272 (1996), we held that, under the NWPA, the DOE had an unconditional obligation--an obligation, that is, without regard to whether a repository was available--to begin disposing of SNF on January 31, 1998.  See 88 F.3d at 1273, 1275-76.  The DOE acted to frustrate that decision by holding that its failure to perform was "unavoidable" and therefore, under the terms of the Contract, did not render the Department liable for damages of any kind.  See Northern I, 128 F.3d at 759-60.  At the instance of several state public utility commissions and of certain utilities, including Wisconsin Electric,

we issued a writ of mandamus forbidding the DOE from claiming, in proceedings under its contracts, that its failure to perform was "unavoidable" because a repository was not available. See id. at 760-61. We declined to grant further relief to the utilities, however, because they have potentially adequate remedies under their contracts with the Department. See id. at 759. Accordingly, they were remitted to their contractual remedies. See id.

In a post-judgment order, we expressly reiterated the limited reach of our decision: "[Northern I] describes the nature of the DOE's obligation, which was created by the NWPA and undertaken by the DOE under the Standard Contract. It does not place the question of contract remedies in this court, nor set up this court as a source of remedies outside the Standard Contract." Northern II, 1998 U.S. App. LEXIS 12919, at *4.

## II. Analysis

In its present petition Wisconsin Electric claims that the position the DOE has taken during the negotiations over the utility's proposed amendments to the Contract, namely that the Department "only will consider monetary relief as a remedy for [its] delay," violates the mandates in Northern I and II. That is not correct. Those mandates prohibit the DOE from interpreting the NWPA and its contracts with utilities in a manner that would relieve the Department of its unconditional obligation to begin disposing of SNF on January 31, 1998; we expressed no opinion about the relief the DOE would have to provide for breach of that obligation. Cf. Northern II, 1998 U.S. App. LEXIS 12919, at *5 ("While the [NWPA] requires the DOE to include an unconditional obligation in the Standard Contract, it does not itself require performance"). Therefore, we do not have jurisdiction of Wisconsin Electric's petition incident to the enforcement of our mandates.

Nor do we have jurisdiction to consider Wisconsin Electric's petition pursuant to the NWPA, 42 U.S.C. s 10139(a)(1). Insofar as it is relevant to the case at bar, that provision

grants the court jurisdiction over cases seeking review of: (1) final action taken by the agency pursuant to the NWPA, and (2) the agency's failure to take any action required by the NWPA. Wisconsin Electric contends that under the terms of its Contract the DOE has an obligation to provide it with non-monetary relief. Although Wisconsin Electric may be correct about that, a contract "[b]reach by the DOE does not violate a statutory duty." Northern II, 1998 U.S. App. LEXIS 12919 at *5. The Court of Federal Claims, not this court, is the proper forum for adjudicating contract disputes. See id. at *4; Transohio Sav. Bank v. OTS, 967 F.2d 598, 610 (D.C. Cir. 1992). Indeed, Wisconsin Electric's petition raises issues that are currently being litigated before the Court of Federal Claims and the Federal Circuit. See Yankee Atomic Electric Co. v. United States, 42 Fed. Cl. 223 (1998), appeal docketed, No. 99-5140 (Fed. Cir.).

### III. Conclusion

Accordingly, Wisconsin Electric's petition is

Dismissed for want of jurisdiction.